IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFERY M. TRINWITH,

                Plaintiff,                OPINION AND ORDER

v.

                                                    24-cv-372-wmc

JACOB LAZDALE, SADIE,
and JODIE,

                Defendants.

---

    Plaintiff Jeffrey Trinwith is representing himself and alleges that various healthcare workers inappropriately shared his medical information.  Plaintiff seeks to proceed without prepayment of the entire filing fee, so the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  Because plaintiff represents himself, the court accepts his allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  The court will dismiss plaintiff's complaint because he does not state a federal claim or adequately allege facts supporting diversity jurisdiction, but the court will allow him an opportunity to amend his complaint.

FACTUAL ALLEGATIONS

    Trinwith alleges that, when he was discharged from the "INR" clinic in 2015, a nurse stripped him of all his medication and entered something on the computer that prevented him from getting medication at every clinic in the state of Wisconsin.  Later, in

2019, Sadie told Trinwith that he could come to the Marshfield Clinic emergency room after he fell from a ladder while cutting a limb off a tree and injured his shoulder. However, Trinwith just sat at the emergency room for two hours and the doctor did nothing for him. Trinwith alleges that the doctor also refused to refill his heart medicine prescription but still charged him $131.00. Trinwith further alleges that one of the nurses told him that a Marshfield Clinic administrator had called the doctor and ordered her not to prescribe him anything.

Trinwith alleges that all the defendants are violating his rights under the Health Insurance Portability and Accountability Act ("HIPAA") because he did not authorize any of them to speak about his condition. Specifically, Trinwith appears to allege that defendants called a clinic affiliated with St. Vincent DePaul, ordering that clinic not to treat him. He further alleges that Sadie inappropriately discharged his girlfriend from Marshfield Clinic.

ANALYSIS

Plaintiff's complaint must be dismissed because "HIPAA confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs. *Id.* Also, this court would need to have diversity jurisdiction under 28 U.S.C. § 1332 to resolve any state law claims for negligence, invasion of privacy, or breach of fiduciary duty, meaning that the amount in controversy would need to be more than $75,000, and plaintiff cannot be a citizen of the same state as any defendant. 28 U.S.C. § 1332. Plaintiff has not alleged the citizenship of Jodie, the only defendant he intends to

2

proceed against, as he has filed a motion to dismiss defendants Jacob Lazdale and Sadie from this case. (Dkt. #5.)

Thus, the court will allow plaintiff an opportunity to amend his complaint to include good-faith allegation supporting this court's diversity jurisdiction. For an individual person to be a citizen of a state, a person must be domiciled within that state. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to stay there."). Also, plaintiff should draft his complaint as if he is telling a story to someone who knows nothing about his situation. He should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. If he fails to file an amended complaint by the date below, the case will be dismissed with prejudice.

## ORDER

IT IS ORDERED that:

1) Plaintiff's complaint (dkt. #1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) Plaintiff's motion to dismiss defendants Jacob Lazdale and Sadie (dkt. #5) is DENIED as moot.

3) Plaintiff may have until **September 18, 2025**, to file an amended complaint with good faith allegations supporting diversity jurisdiction. If he fails to file an amended complaint by September 18th, this case will be dismissed with prejudice.

Entered this 18th day of August, 2025.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

3